WILLIAM E. INGLE v. SARAH PASCOE INGLE

No. 7826DC785

(Filed 17 July 1979)

1. **Divorce and Alimony § 18.9— alimony pendente lite—stipulation of right to receive**

    The facts necessary for an award of alimony pendente lite were established by stipulations of the parties, and the only question before the trial court was the amount of such alimony.

2. **Divorce and Alimony § 18.10— alimony pendente lite—findings—evidence**

    Findings of fact are not required to support the trial court's determination of the amount of alimony pendente lite, but the court must consider the income, assets and respective needs of the parties.

3. **Divorce and Alimony § 18.13— amount of alimony pendente lite**

    Plaintiff failed to show any abuse of discretion by the trial court in awarding defendant alimony pendente lite of $750 per month.

4. **Divorce and Alimony § 18.8— alimony pendente lite—inconsistencies between testimony and affidavit—admissibility of affidavit**

    The presence of inconsistencies between defendant's testimony and her financial affidavit went only to the credibility of certain items in the affidavit

and did not render the entire affidavit incompetent on the question of alimony pendente lite.

**5. Divorce and Alimony § 18.8— alimony pendente lite—savings for vehicle replacement**

In a hearing on a motion for alimony pendente lite, the trial court did not err in refusing to strike defendant's testimony that she needed to save for a replacement vehicle where such expense was included in defendant's affidavit of financial standing which had been stipulated into evidence.

APPEAL by plaintiff from *Jones (William G.), Judge*. Judgment entered 27 April 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 11 June 1979.

Plaintiff husband initiated this action for absolute divorce. Defendant wife answered, admitting all allegations and further pleading that plaintiff abandoned her. Defendant also counterclaimed for alimony pendente lite, permanent alimony, sequestration of the residence of the parties and reasonable counsel fees. Plaintiff replied to defendant's counterclaim and pleaded as an affirmative defense various acts on the part of defendant that constituted a constructive abandonment of him by her and that she offered such indignities to his person as to render his condition in the marriage intolerable and his life burdensome, which alleged acts were committed by the defendant without any fault, aggravation, or provocation on the part of plaintiff.

Defendant submitted a sworn financial statement declaring her individual needs and fixed expenses to be $1,254.05 per month. Plaintiff submitted a sworn financial statement with expenses of $1,577.00 per month. The expenses listed on plaintiff's financial statement included the educational expenses of the daughter who is attending Meredith College and the son who is attending Charlotte Country Day School. Plaintiff was not ordered to pay for the education of these children as they are more than eighteen years old.

Plaintiff is employed as a physical therapist by a corporation in which he owns fifty percent of the stock and earned an adjusted gross income of $43,000 in 1975 and $32,235, plus other corporate benefits, in 1976, the year the parties separated.

The trial judge made findings of fact, reached conclusions of law and entered an order awarding defendant alimony pendente

lite in the sum of $750 per month. From the entry of this order for alimony pendente lite, plaintiff appeals.

*Cole and Chesson, by James L. Cole, for plaintiff appellant.*

*Bryant, Hicks and Sentelle, by David B. Sentelle and Richard A. Elkins, for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] An award of alimony pendente lite requires proof that the claiming party is a dependent spouse and that the other party is the supporting spouse, as well as the proof of grounds entitling claimant to alimony pendente lite. Before the hearing on alimony pendente lite, plaintiff and defendant entered into stipulations, *inter alia*, that defendant is a dependent spouse entitled to alimony pendente lite and that plaintiff is a supporting spouse for the purposes of an alimony pendente lite award. The parties further stipulated that grounds existed for the entry of an order awarding defendant alimony pendente lite. Stipulations are deemed to be established facts, are binding upon the parties, and relieve the party with the burden of proof of the necessity of producing evidence to establish the matters stipulated. *Blair v. Fairchild*, 25 N.C. App. 416, 213 S.E. 2d 428, *cert. denied*, 287 N.C. 464, 215 S.E. 2d 622 (1975). By the stipulations of the parties, the facts necessary to recover alimony pendente lite were established and the only question before the trial court was the amount.

[2, 3] The amount of alimony pendente lite is to be determined in the same manner as alimony. N.C. Gen. Stat. 50-16.3(b); *Little v. Little*, 9 N.C. App. 361, 176 S.E. 2d 521 (1970). "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." N.C. Gen. Stat. 50-16.5. The ultimate amount is to be determined in the discretion of the trial court. *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5 (1968). Although this amount is not absolute and unreviewable, it will not be disturbed absent a clear abuse of discretion. *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975). Findings of fact are not required to support the trial court's determination of the *amount* of alimony pendente lite. *Id.* However, in determining the amount of alimony, the trial court must consider the income, assets and respective needs of the par-

ties. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). *See* N.C. Trial Judges' Bench Book, Alimony, IV.2D.5 (1979). We hold the trial court complied with *Beall* and the applicable statutes. Plaintiff has failed to show any abuse of discretion by the court in determining the amount of alimony pendente lite.

[4]   Plaintiff contends the financial statement of expenses submitted by defendant was not reliable because it was not supported by credible and competent testimony. In effect, plaintiff contends defendant's testimony impeached the entries on her financial statement. The impeachment of a witness's testimony and evidence goes to the credibility of the witness. It is the function of the trial judge, in trials without a jury, to weigh and determine the credibility of a witness. The presence of inconsistencies in defendant's testimony and her financial affidavit goes only to the credibility of those certain items and does not impeach the entire affidavit as plaintiff contends. It is clear that the court did not include every item listed and requested in defendant's financial affidavit in its award of alimony. Defendant declared fixed needs and expenses of $1,254.05 per month. The court awarded her $750 per month. The court did not designate the evidence upon which the award was based, nor was it required to do so. *Eudy v. Eudy, supra.* The trial judge found defendant's testimony and evidence credible despite inconsistencies; therefore we will not hold to the contrary.

[5]   Plaintiff contends the trial court erred in denying his motion to strike defendant's testimony that she needed to save or plan for a replacement of her automobile. This expense was listed in defendant's affidavit of financial standing (although not clearly labeled as such). Plaintiff and defendant stipulated that the affidavits of financial standing of both parties were in evidence. Plaintiff did not enter a general objection nor a specific objection to any of the items listed in defendant's affidavit of financial standing. If evidence theretofore has been admitted without objection, a subsequent objection to admission of evidence of the same import is waived. *State v. Smith*, 290 N.C. 148, 226 S.E. 2d 10, *cert. denied*, 429 U.S. 932, 50 L.Ed. 2d 301 (1976). Further assuming *arguendo* the evidence was erroneously admitted, the error was not prejudicial. It is not ordinarily prejudicial if evidence is erroneously admitted in a trial before a court without a jury since it is presumed that the court did not consider the in-

competent evidence. *Reverie Lingerie, Inc. v. McCain*, 258 N.C. 353, 128 S.E. 2d 835 (1963).

Plaintiff assigns as error the trial court's denial of his motion to dismiss. He maintains that the evidence was insufficient to permit defendant a recovery. As discussed above, the question of whether defendant was entitled to an award of alimony pendente lite was resolved by the stipulations of the parties and the only question before the court was the amount of the award. We hold there was sufficient evidence before the trial court for deciding the question before it. Again plaintiff's attack goes to the credibility of defendant's testimony. As discussed above, the weight and credibility to be given defendant's testimony was for the judge, sitting without a jury. The trial judge had the opportunity to hear the evidence, observe the demeanor of the witnesses and assess their credibility. We find no error in the trial court's denial of plaintiff's motion to dismiss.

We have carefully reviewed plaintiff's remaining assignments of error and find in them no error.

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.