IN THE MATTER OF ISAAC OGHENEKEVEBE, Minor Child

No. COA95-1186

(Filed 6 August 1996)

### 1. Parent and Child § 117 (NCI4th)— termination of parental rights—effective assistance of counsel

In a proceeding for termination of parental rights, respondent was not denied her right to effective assistance of counsel since failure of counsel to obtain a pretrial hearing did not prejudice respondent in that she was already on notice as to the issues at hand; counsel's failure to move for dismissal at the end of DSS's evidence was not prejudicial, as the evidence presented pursuant to N.C.G.S. § 7A-289.32(3) was sufficient to withstand a motion to dismiss; counsel's failure to object to allegedly inadmissible and prejudicial testimony and introduction of testimony and exhibits which were allegedly potentially harmful to respondent's case did not prejudice respondent, as it was presumed that the trial court disregarded any incompetent evidence; and the attorney's unsuccessful argument that termination was not in the best interests of the child was not equivalent to ineffective assistance.

**Am Jur 2d, Parent and Child § 7.**

### 2. Parent and Child § 126 (NCI4th)— termination of parental rights—sufficiency of evidence

The evidence was sufficient to support the trial court's findings of fact which in turn were sufficient to support its conclusion that respondent's parental rights should be terminated where the evidence tended to show that respondent left her minor child in foster care for over twelve months without showing reasonable progress or a positive response toward the diligent efforts of DSS. N.C.G.S. § 7A-289.32(3).

**Am Jur 2d, Parent and Child § 7.**

**Admissibility of social worker's expert testimony on child custody issues. 1 ALR4th 837.**

Appeal by respondent from judgment filed 4 May 1995 by Judge Deborah M. Burgin in Henderson County District Court. Heard in the Court of Appeals on 5 June 1996.

**IN RE OGHENEKEVEBE**

[123 N.C. App. 434 (1996)]

*Charles Russell Burrell for petitioner appellee.*

*Coleman Law Offices, by Calvin E. Coleman and Colin P. McWhirter, for respondent appellant.*

SMITH, Judge.

Minor child Isaac Oghenekevebe, born 23 September 1983, has resided in foster care in the custody of petitioner Henderson County Department of Social Services (DSS) since 10 April 1992. At the time the child came into custody of DSS, both the minor child and respondent Kathy L. Wilson (the biological mother) lived in Henderson County, North Carolina. Subsequently, respondent moved to Norfolk, Virginia, and the minor child was placed in foster care in Shelby, North Carolina.

The minor child was adjudicated a dependent juvenile on 22 May 1992. Immediately prior to the custodianship of DSS, the minor child was diagnosed as suffering from oppositional defiant disorder and was later certified as a "Willie M." class member. Since September 1992, there have been no visits between the minor child and the respondent mother. The minor child's behavior has improved since his entry into a therapeutic foster home.

Judge Burgin found that grounds existed for the termination of the biological mother's parental status since she willfully placed her minor child in foster care for more than twelve months and did not show reasonable progress in correcting the conditions which led to that placement. The trial court also determined that respondent failed to positively respond to the diligent efforts of DSS to encourage the strengthening of her parental relationship with the child or to engage in constructive planning for the child. Thus, the court held that it was in the best interests of the child to terminate respondent's parental rights.

This Court has previously recognized that a parent's interest in his or her child is "more precious than any property right." *In re Murphy*, 105 N.C. App. 651, 654, 414 S.E.2d 396, 398, *aff'd*, 332 N.C. 663, 422 S.E.2d 577 (1992). Thus, "[a] parent's interest in the accuracy and justice of the decision to terminate his or her parental status is a commanding one." *In re Bishop*, 92 N.C. App. 662, 664, 375 S.E.2d 676, 678 (1989) (citing *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 68 L.Ed 2d 640, 650 (1981)). On review, this Court must determine whether the trial court's findings of fact were based on

clear, cogent, and convincing evidence, and whether those findings of fact support a conclusion that parental termination should occur on the grounds stated in N.C. Gen. Stat. § 7A-289.32. *In re Swisher*, 74 N.C. App. 239, 240, 328 S.E.2d 33, 35 (1985). So long as the findings of fact support a conclusion based on § 7A-289.32, the order terminating parental rights must be affirmed. *In re Swisher*, 74 N.C. App. at 240, 328 S.E.2d at 35.

## I. Effective Assistance of Counsel

**[1]** The first issue presented in this case is whether respondent received effective assistance of counsel at trial. N.C. Gen. Stat. § 7A-289.23 (1995) guarantees a parent's right to counsel in all proceedings dedicated to the termination of parental rights. Given that this right exists, it follows that a remedy must also exist to cure violations of this statutory right. If no remedy were provided a parent for inadequate representation, the statutory right to counsel would become an "empty formality." *In re Bishop*, 92 N.C. App. at 664-65, 375 S.E.2d at 678. "Therefore, the right to counsel provided by G.S. 7A-289.23 includes the right to effective assistance of counsel." *Id.* at 665, 375 S.E.2d at 678. A claim of ineffective assistance of counsel requires the respondent to show that counsel's performance was deficient and the deficiency was so serious as to deprive the represented party of a fair hearing. *Id.* at 665, 375 S.E.2d at 679 (citing *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985)).

Respondent's first five assignments of error relate to ineffective assistance of counsel. First, respondent argues her attorney failed to request and obtain a pretrial adjudicatory hearing pursuant to N.C. Gen. Stat. § 7A-289.29(b) (1995). In this case, the failure of counsel to obtain a pretrial hearing did not prejudice respondent. The purpose of the pretrial hearing is to determine the issues raised by the petition and answer(s). *In re Taylor*, 97 N.C. App. 57, 60, 387 S.E.2d 230, 231 (1990). The only issue raised by the petition was termination of parental rights pursuant to N.C. Gen. Stat. § 7A-289.32(3). Thus, respondent was on notice as to the issues at hand. As such, it is difficult to see how lack of a pretrial hearing deprived respondent of a fair hearing based on the termination petition.

Additionally, respondent argues her counsel failed to make a motion to dismiss at the close of petitioner's case. N.C. Gen. Stat. § 1A-1, Rule 41(b) (1990) sets the standard for a motion to dismiss in a nonjury trial. The judge becomes both the judge and jury. *In re Becker*, 111 N.C. App. 85, 92, 431 S.E.2d 820, 825 (1993). Therefore,

the judge must consider and weigh all competent evidence before him. *Id.* A motion for dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b), made at the close of plaintiff's evidence in a nonjury trial, not only tests the sufficiency of plaintiff's proof to show a right to relief, but also provides a procedure whereby the judge may weigh the evidence, determine the facts, and render judgment on the merits against plaintiff, even though plaintiff may have made out a *prima facie* case. *McKnight v. Cagle*, 76 N.C. App. 59, 65, 331 S.E.2d 707, 711, *cert. denied*, 314 N.C. 541, 335 S.E.2d 20 (1985). Dismissal under this statute is left to the sound discretion of the trial court. *Jones v. Stone*, 52 N.C. App. 502, 505, 279 S.E.2d 13, 15, *disc. review denied*, 304 N.C. 195, 285 S.E.2d 99 (1981). DSS had to prove the existence of grounds to terminate respondent's parental rights by clear, cogent, and convincing evidence. *Id.* This Court has stated that the trial judge may "decline to render any judgment until the close of all the evidence, and except in the clearest cases, he should defer judgment until the close of all the evidence." *In re Becker*, 111 N.C. App. at 92, 431 S.E.2d at 825 (citing *Helms v. Rea*, 282 N.C. 610, 619, 194 S.E.2d 1, 7 (1973)). Thus, the question whether counsel's failure to move to dismiss evidences a lack of competent counsel turns on whether the motion could have been granted under the circumstances.

To support a case for parental termination, petitioner had to show that respondent willfully left her child in foster care for twelve months. N.C. Gen. Stat. § 7A-289.32(3). In addition, petitioner had the burden of proving lack of reasonable progress and lack of positive response by the mother during this period. *In re Harris*, 87 N.C. App. 179, 185, 360 S.E.2d 485, 488 (1987). Petitioner met both burdens by clear and convincing evidence. DSS's witnesses demonstrated that the minor child had been in foster care for more than twelve months, and that respondent mother failed to show reasonable progress or a positive response toward improving the situation. Moreover, witnesses testified as to the inability of respondent to care for her child and to respondent's failure to show any progress in her therapy until her parental rights were in jeopardy.

DSS's evidence further showed that it had tried diligently to maintain contact with respondent, by sending at least seventy-two written update notices to respondent concerning the minor child's progress. In addition, respondent moved several times without informing DSS as to where she could be located. Based on all of this evidence, the trial court could not have properly granted a motion to dismiss at the end of DSS's case. Therefore, counsel's failure to move for dismissal

at the end of DSS's evidence was not prejudicial. Except in the clearest cases, the trial judge should defer judgment until the close of all the evidence. *In re Becker*, 111 N.C. App. at 92, 431 S.E.2d at 825. We find that the evidence presented pursuant to N.C. Gen. Stat. § 7A-289.32(3) was sufficient to withstand a motion to dismiss at the close of DSS's evidence.

Next, respondent argues counsel failed to object to inadmissible and prejudicial testimony, and claims that counsel introduced testimony and exhibits that were potentially harmful to respondent's case. In a nonjury trial, if incompetent evidence is admitted and there is no showing that the judge acted on it, the trial court is presumed to have disregarded it. *Gunther v. Blue Cross/Blue Shield*, 58 N.C. App. 341, 344, 293 S.E.2d 597, 599, *disc. review denied*, 306 N.C. 556, 294 S.E.2d 370 (1982); *see* N.C.R. Evid. 403. Respondent claims that potentially prejudicial issues were discussed during the trial including: allegations of sexual abuse; failure to provide child support; allegations of criminal conduct; and abandonment. These issues were not involved in the final decision since no findings of fact were made regarding these issues except for several allegations of sexual abuse. Even then, and as noted in the trial court's findings of fact, the trial court did not find these allegations credible. Accordingly, the trial court is presumed to have made its findings based on other competent evidence. *Id.* It is manifest that the trial court only considered proper findings of fact in arriving at its conclusions of law. The actions of respondent's counsel, though of questionable strategic value, do not constitute inadequate assistance of counsel.

Respondent's final assignment of error regarding ineffective assistance of counsel points to the attorney's failure to effectively advocate that termination was not in the best interests of the child. However, respondent's counsel stressed to the court that respondent showed progress by improving in the three months prior to trial, and by demonstrating that the minor child wanted to return to his mother. N.C. Gen. Stat. § 7A-289.22(3) (1995) is grounded in a policy dedicated to placing consideration of the best interests of the child over the conflicting interests of the parent, with respect to the termination of parental rights. In parental termination cases of this posture, the welfare or best interests of the child should always be given the sort of paramount consideration "to which even parental love must yield." *In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984). Although counsel attempted to argue that termination was not in the best interests of the child, the trial court found to the contrary. This

unsuccessful argument is not equivalent to ineffective assistance. In sum, respondent was not denied a fair trial due to ineffective assistance of counsel.

## II. Findings of Fact and Conclusions of Law

[2] The second issue is whether the findings of fact made by the trial court were supported by the evidence, thus supporting the conclusions of law based on those findings of fact. When the trial court is the trier of fact, the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate. *G.R. Little Agency, Inc. v. Jennings*, 88 N.C. App. 107, 112, 362 S.E.2d 807, 811 (1987). In this situation, the trial judge acts as both judge and jury, thus resolving any conflicts in the evidence. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). If there is competent evidence to support the trial court's findings of fact and conclusions of law, the same are binding on appeal even in the presence of evidence to the contrary. *Id.*

On appeal, the standard of review from a trial court's decision in a parental termination case is whether there existed clear, cogent, and convincing evidence of the existence of grounds to terminate respondent's parental rights. *In re Becker*, 111 N.C. App. at 92, 431 S.E.2d at 825. Respondent argues that a number of the trial court's findings of fact were not supported by the evidence and that conclusions based on those findings are in error.

A trial court has the authority to terminate parental rights in the exercise of its discretion pursuant to N.C. Gen. Stat. § 7A-288. *Forsyth County Dept. of Social Services v. Roberts*, 22 N.C. App. 658, 660, 207 S.E.2d 368, 370 (1974). N.C. Gen. Stat. § 7A-289.32(3) states that a trial court may terminate parental rights upon a finding that:

> The parent has *willfully* left the child in foster care for more than 12 months without showing . . . that reasonable progress . . . has been made within 12 months in correcting those conditions which led to the removal of the child or without showing positive response within 12 months to the diligent efforts of a county Department of Social Services . . . .

(Emphasis added). Under this section, willfulness means something less than willful abandonment. *In re Nolen*, 117 N.C. App. 693, 699, 453 S.E.2d 220, 224 (1995). A finding of willfulness does not require a showing of fault by the parent. *In re Bishop*, 92 N.C. App. at 669, 375 S.E.2d at 681.

IN RE OGHENEKEVEBE

[123 N.C. App. 434 (1996)]

Willfulness may be found under this statute where the parent, recognizing her inability to care for the child, voluntarily leaves the child in foster care. *Id.* In addition, willfulness is not precluded just because respondent has made some efforts to regain custody of the child. *In re Nolen,* 117 N.C. App. at 699, 453 S.E.2d at 224. Even though respondent in this case attempted to regain custody of her child, willfulness can still be found under N.C. Gen. Stat. § 7A-289.32(3) because respondent left her minor child in foster care, for over twelve months, without showing reasonable progress or a positive response toward the diligent efforts of DSS.

Further, respondent argues that DSS did not actually offer certain services to respondent as noted in the trial court's findings of fact. We do not agree. There is evidence in the transcript of several of the services provided including: drafting of the agency-parent agreement which respondent refused to sign; payment by DSS for parenting classes; referrals to psychiatric and psychological services; supervision of visitation; referral and placement in therapeutic foster home; referral for Willie M. Certification; a provision for clothing; a provision for transportation; cash payments for the minor child's care; and frequent written updates to respondent from DSS.

Respondent further states that the trial court erred in finding that respondent did not benefit from her parenting classes as she has not been given an opportunity to demonstrate her newly learned skills. We disagree with respondent's assessment of events. Respondent was given an opportunity to demonstrate her parenting skills, albeit in a classroom setting. Since respondent's parenting skills were inadequate, she was denied the opportunity to interact with her son in a private setting.

Respondent claims that the finding of fact regarding her claims of racial bias against her psychological evaluator, her social worker at DSS, and the guardian ad litem, are incorrect. Based on respondent's testimony, the trial judge determined that respondent dismisses any theory with which she does not agree, and additionally claims that those who disagree with her are persecuting her because of her race. Sorting through such allegations is a task best left to the determination of the trial court. The function of trial judges in nonjury trials is to weigh and determine the credibility of a witness. *Ingle v. Ingle,* 42 N.C. App. 365, 368, 256 S.E.2d 532, 534 (1979). The demeanor of a witness on the stand is always in evidence. *State v. Mullis,* 233 N.C. 542, 544, 64 S.E.2d 656, 657 (1951). All of the findings of fact regarding

respondent's in-court demeanor, attitude, and credibility, including her willingness to reunite herself with her child, are left to the trial judge's discretion. Therefore, any of the findings of fact regarding the demeanor of any of the witnesses are properly left to the determination of the trial judge, since she had the opportunity to observe the witnesses.

Finally, respondent argues that the trial court erred by ultimately concluding that respondent's parental rights should be terminated. Respondent maintains the trial court's conclusion to terminate is not supported by sufficient findings of fact. Based on the facts, *supra*, it is evident that proper and adequate grounds did exist for the termination of parental rights. Therefore, the decision of the trial court is

Affirmed.

Judges EAGLES and WYNN concur.