IN THE MATTER OF: M.T.
No. COA09-764
Court of Appeals of North Carolina
Filed November 17, 2009
Mercedes O. Chut, for petitioner-appellee Guilford County Department of Social Services.
Janet K. Ledbetter, for respondent-appellant mother.
STEELMAN, Judge.
Where the trial court failed to follow the previous mandate of this Court and failed to make adequate findings of fact as to whether respondent's age-related limitations were sufficiently considered, we cannot determine whether respondent willfully left the juvenile in foster care for more than twelve months without showing to the satisfaction of the trial court that reasonable progress has been made in correcting the conditions which led to the removal of the juvenile. We thus remand to the trial court with instructions to make appropriate findings of fact.

I. Factual and Procedural Background
This matter is before this Court for a second time. The underlying facts of this case are set forth in In re M.T., ___ N.C. App. ___, 673 S.E.2d 799 (2009) (unpublished) (the first opinion) and are not repeated.
In the first opinion, this Court held that, under the rationale of the cases of In re Matherly, 149 N.C. App. 452, 562 S.E.2d 15 (2002), and In re J.G.B., 177 N.C. App. 375, 628 S.E.2d 450 (2006), the trial court's order terminating respondent's parental rights was "void of any findings which illustrate that the mother's age-related limitations were sufficiently considered" in determining whether respondent's failure to make reasonable progress was willful. In re M.T., ___ N.C. App. ___, 673 S.E.2d 799. The matter was remanded to the trial court to make further findings regarding respondent's "ability, or capacity to acquire the ability, to overcome factors which resulted in [M.T.] being placed in foster care." Id. (citations omitted). In addition, this Court concluded that two of the trial court's findings of fact were factually incorrect and not supported by the evidence: (1) finding 11 that the minor child was adjudicated dependent and neglected when the child was only adjudicated dependent; and (2) finding 13 that respondent was seventeen years old at the time of respondent's birth when she was actually sixteen. Id. We also determined the trial court erred in basing its termination of respondent's parental rights on finding number 17, which stated that respondent expressed a desire to have the maternal grandmother raise the juvenile, because this finding did not manifest a willful relinquishment of her parental rights. Id.
On remand, the trial court heard the matter on 20 March 2009, and made additional findings of fact. The trial court did not receive any new evidence upon remand. From the amendment to the order, respondent appeals.

II. Standard of Review
On appeal, our standard of review is limited to determining whether the trial court's findings of fact are supported by clear, cogent and convincing evidence, and whether the findings of fact support the conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000) (citation omitted), appeal dismissed and disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001).

III. Compliance with this Court's Prior Opinion
In the first opinion, this Court held that the trial court failed to make appropriate findings regarding respondent's age, in terms of whether she willfully left M.T. in foster care for twelve months prior to the filing of the petitions. This Court remanded with instructions to the trial court to make further appropriate findings of fact. In an amendment to the termination order, the trial court made additional findings of fact; however, these additional findings also fail to address respondent's age in terms of willfulness. We reverse and remand for compliance with the first opinion.
We first note that the trial court's additional findings of fact contain several factual errors. As to finding of fact 5, the dates of respondent's stay in Texas are inaccurate; evidence was presented that respondent moved to Texas in July 2007 and returned to Guilford County in January 2008.
Portions of finding of fact 9 are not supported by evidence in the record. Although evidence in the record indicates that respondent initially named Moses Kpaeyeh as the father of the juvenile, and that she thereafter recanted that statement, there is no evidence in the record to support the trial court's belief that respondent was forced to recant, that Mona Kpaeyeh is not respondent's biological mother, or that respondent's real mother died in Liberia.
Finding of fact 10 addresses the reason for the trial court's re-appointment of a guardian ad litem prior to the termination proceedings and asserts that the trial court never had "satisfactory proof of [respondent's] relationship to Big Mona Kpaeyeh and Moses Kpaeyeh and their influence over her." However, the appointment order does not reference the trial court's concerns regarding the influence of Mona and Moses Kpaeyeh over respondent.
We now address findings of fact 7 and 11, regarding the willfulness of respondent's conduct based upon respondent's age. These findings state:
7. Any age-related limitations as to willfulness on part of respondent Winifred [T.] in leaving juvenile [M.T.] in foster care for 12 months prior to the filing of the petition have been overcome by the different services and efforts of the Department of Social Services. Respondent made the conscious choice to reject most, if not all, of the services available to her.
11. The Court never doubted Respondent's ability to understand what was expected of her in her reunification plan or in her ability to comply with the plan.
In finding of fact 6, which is uncontested on appeal, the trial court listed all the services provided by DSS. Based upon these findings, the trial court determined that DSS's efforts overcame any age-related limitations respondent may have had. In cases such as this, where the respondent herself was a minor at the time the juvenile was removed from her care, a determination of willfulness must involve consideration of whether the respondent's age diminished her ability to make reasonable progress. In re Matherly, 149 N.C. App. 452, 562 S.E.2d 15 (2002). "Evidence showing a parents' ability, or capacity to acquire the ability, to overcome factors which resulted in their children being placed in foster care must be apparent for willfulness to attach." Id. at 455, 562 S.E.2d at 18 (citing In re Wilkerson, 57 N.C. App. 63, 291 S.E.2d 182 (1982)).
"`Willfulness is established when the respondent had the ability to show reasonable progress, but was unwilling to make the effort.'" In re O.C. & O.B., 171 N.C. App. 457, 465, 615 S.E.2d 391, 396 (2005) (quoting In re McMillon, 143 N.C. App. 402, 410, 546 S.E.2d 169, 175, disc. review denied, 354 N.C. 218, 554 S.E.2d 341 (2001)), disc. review denied, 360 N.C. 64, 623 S.E.2d 587 (2005). In making a determination of willfulness, the focus is on respondent's actions and whether she has made reasonable progress under the circumstances to correct the conditions which led to the removal of the juvenile. Id. The provision of services by DSS in and of itself does not create willfulness on the part of respondent. Rather, it is respondent's reaction to and compliance with these services, taking into account her age, that will determine the willfulness of her conduct. While DSS has the burden of proving lack of reasonable progress and lack of positive response by respondent, the determination of willfulness is made based on respondent's progress and respondent's response. In re Oghenekevebe, 123 N.C. App. 434, 437, 473 S.E.2d 393, 396 (1996) (citing In re Harris, 87 N.C. App. 179, 185, 360 S.E.2d 485, 488 (1987)).
The trial court must focus on respondent's understanding, effort and progress, or lack thereof, in complying with her case plan. It is important that the trial court address the specific tasks assigned to respondent and whether they were within her ability to achieve, given her age, maturity and cultural barriers, which are documented in the record of this case.
Further, the trial court appointed a guardian ad litem for respondent on two occasions. The first appointment was during the underlying abuse, neglect and dependency action, while respondent was a minor. The trial court re-appointed a guardian ad litem before the termination hearing after concluding there was a reasonable basis to believe that respondent "has diminished capacity and cannot adequately act in her own interest." On the trial court's own motion or the motion of any party, a trial court may appoint a guardian ad litem for a parent in accordance with N.C. Gen. Stat. § 1A-1, Rule 17 if the trial court determines "that there is a reasonable basis to believe that the parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest." 2009 N.C. Sess. Laws 311 (amending N.C. Gen. Stat. § 7B-1101.1(c)). The fact that the trial court re-appointed a guardian ad litem for respondent is some indication that respondent had diminished capacity or could not adequately act in her own interests. These considerations bear directly upon the issue of willfulness. Upon remand, the trial court should make findings of fact and conclusions of law on this issue.
Upon remand, the trial court must make specific findings showing that the trial court considered respondent's age-related limitations in determining whether her actions were willful. Further, the trial court must determine how the re-appointment of a guardian ad litem for respondent bears upon whether respondent willfully left the juvenile in foster care for more than twelve months without showing to the satisfaction of the trial court that reasonable progress has been made in correcting the conditions which led to the removal of the juvenile.
REVERSED and REMANDED.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).