IN THE MATTER OF: D.H.H.

No. COA10-722

(Filed 21 December 2010)

**Termination of Parental Rights— grounds—willful failure to pay reasonable portion of cost of child's care—willfully left child in foster care for over twelve months** .

The trial court did not err by terminating respondent father's parental rights to his minor daughter. Respondent did not challenge the trial court's conclusion that he willfully failed to pay a reasonable portion of the cost of the child's care. Further, the findings were sufficient to support the conclusion that respondent willfully left the child in foster care for over twelve months and had not made reasonable progress to correct the conditions which led to the child's removal from the home.

Appeal by Respondent-Father from orders entered 23 March 2010 by Judge J. Stanley Carmical in District Court, Robeson County. Heard in the Court of Appeals 22 November 2010.

*Susan J. Hall for Petitioners-Appellees.*

*David A. Perez for Respondent-Appellant Father.*

*No brief filed for Guardian ad Litem.*

McGEE, Judge.

Respondent-Father appeals from adjudication and disposition orders terminating his parental rights to D.H.H., his three-year-old daughter. Petitioners are the foster parents and appointed guardians of D.H.H. We affirm the trial court's orders terminating Respondent-Father's parental rights to D.H.H.

The Robeson County Department of Social Services (DSS) received a neglect referral report regarding D.H.H. and two of her

**IN RE D.H.H.**

[208 N.C. App. 549 (2010)]

three older siblings on 20 December 2007.[1] The fourth child was staying with out-of-town relatives at the time. According to the report, Respondent-Father and D.H.H.'s mother[2] engaged in family violence in front of the children and Respondent-Father stabbed the mother with a knife on 20 December 2007. In April 2007, the three older children had been removed from the home. D.H.H. was born while the three older children were out of the parents' home and was only a few months old at the time of the 20 December 2007 incident. The three older children had been returned to the parents' home for a trial placement on 12 December 2007.

After the 20 December 2007 incident, a DSS social worker interviewed the parents and the older children. The children described the incident between their parents, confirmed that Respondent-Father stabbed their mother, and told the social worker that their parents had rolled "brown stuff" and smoked it. The mother also told the social worker that Respondent-Father stabbed her. Respondent-Father, however, claimed that he did not remember much about the incident because he was tired from staying up all night with D.H.H. Respondent-Father denied stabbing the mother and stated that he fell on top of the mother with a knife.

The mother voluntarily placed D.H.H. in a kinship placement with the mother's cousin. The mother signed a safety assessment with DSS on 21 December 2007, agreeing to go to a domestic violence shelter. DSS permitted the mother to remove D.H.H. from the kinship placement on the condition that she take D.H.H. to the shelter. However, on Christmas Day, the mother removed D.H.H. from the kinship placement, but did not go to the shelter. DSS then obtained an order for nonsecure custody of D.H.H. and placed D.H.H. in a foster home with Petitioners. The trial court entered an order on 8 February 2008 adjudicating D.H.H. neglected. The trial court continued custody with DSS, giving DSS placement authority for D.H.H., and declined to give Respondent-Father visitation.

The trial court conducted a review hearing on 4 June 2008 regarding all four children. In an order entered 7 July 2008, the

---

1. D.H.H.'s older siblings are not the subject of this action, but they were part of the juvenile proceedings in the trial court. All four children have the same mother. Respondent-Father appears to be the father of two of the older children; the other child has a different father.

2. The mother was involved in the juvenile court proceedings and the trial court also terminated her parental rights as to D.H.H. However, the mother did not appeal.

**IN RE D.H.H.**

[208 N.C. App. 549 (2010)]

trial court awarded guardianship of D.H.H. to Petitioners. The trial court also awarded guardianship of the older siblings to their respective paternal grandparents.

Petitioners filed a petition on 14 July 2009 to terminate both parents' rights to D.H.H. Petitioners alleged the following grounds for termination of parental rights as to both parents: (1) willfully failing to pay a reasonable portion of the cost of care for D.H.H., pursuant to N.C. Gen. Stat. § 7B-1111(3) and (2) willfully leaving D.H.H. in foster care for more than twelve months without showing reasonable progress to correct the conditions that led to removal, pursuant to N.C. Gen. § 7B-1111(2). Petitioners also alleged two additional grounds against Respondent-Father: (1) willful abandonment, pursuant to N.C. Gen. Stat. § 7B-1111(7) and (2) failure to legitimate his relationship with D.H.H., pursuant to N.C. Gen. Stat. § 7B-1111(5).

The trial court conducted hearings in the matter on 20 January 2010, 10 February 2010, and 24 February 2010. In an adjudication order entered on 23 March 2010, the trial court concluded that the following grounds existed to terminate Respondent-Father's parental rights: (1) willfully leaving D.H.H. in foster care for more than twelve months without showing reasonable progress to correct the conditions that led to removal; (2) willfully failing to pay a reasonable portion of the cost of care for D.H.H.; and (3) failure to legitimate. In a separate disposition order entered on the same day, the trial court concluded that it was in the best interest of D.H.H. to terminate Respondent-Father's parental rights. Respondent-Father appeals.

Respondent-Father contends that the trial court erred in tutory grounds existed for termination of his parental rights. We review the trial court's orders to determine "whether the trial court's findings of fact were based on clear, cogent, and convincing evidence, and whether those findings of fact support a conclusion that parental termination should occur." *In re Oghenekevebe*, 123 N.C. App. 434, 435-36, 473 S.E.2d 393, 395 (1996) (citation omitted). As an initial matter, we note that Respondent-Father does not challenge any of the trial court's findings of fact. Accordingly, the findings of fact are presumed to be supported by competent evidence and are therefore binding on appeal. *See In re J.D.S.*, 170 N.C. App. 244, 252, 612 S.E.2d 350, 355, *cert. denied*, 360 N.C. 64, 623 S.E.2d 584 (2005); *see also In re M.D.*, —— N.C. App. ——, ——, 682 S.E.2d 780, 785 (2009) ("Respondent-Father has not challenged any of the above findings of fact made by the trial court as lacking adequate evidentiary support. As a result, these find-

ings of fact are deemed to be supported by sufficient evidence and are binding on appeal.").

Therefore, we turn to the grounds for termination found by the trial court. Pursuant to N.C. Gen. Stat. § 7B-1111(a) (2009), a trial court may terminate parental rights upon a finding of one of the ten enumerated grounds. In the present case, the trial court found the existence of three grounds to terminate Respondent-Father's parental rights as to D.H.H.: (1) willfully leaving the juvenile in foster care for more than twelve months without showing reasonable progress in correcting the conditions which led to the removal; (2) willfully failing to pay a reasonable portion of the cost of care for the juvenile; and (3) failure to legitimate. Although the trial court found that three grounds existed, "[a] single ground . . . is sufficient to support an order terminating parental rights." *In re J.M.W.*, 179 N.C. App. 788, 789, 635 S.E.2d 916, 917 (2006). Therefore, if we determine that the findings of fact support one of the grounds, we need not review the other grounds. *See In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426-27 (2003).

However, in the present case, Respondent-Father challenges the trial court's determination as to only two of the three grounds in his brief. Respondent-Father argues that the trial court erred in concluding (1) that he willfully failed to make reasonable progress to correct the conditions that led to D.H.H.'s removal and (2) that he failed to legitimate D.H.H. Respondent-Father does not challenge the trial court's conclusion that he willfully failed to pay a reasonable portion of the cost of care for D.H.H., the third ground for termination. Therefore, this ground is conclusive on appeal. *See In re J.M.W.*, 179 N.C. App. 788, 792, 635 S.E.2d 916, 919 (2006) ("Since the unchallenged grounds are sufficient to support the trial court's order of termination, we affirm without examining Respondent-mother's arguments as to the other grounds."). Therefore, the trial court's conclusion that Respondent-Father willfully failed to pay a reasonable portion of the cost of care for D.H.H. is a sufficient basis for terminating Respondent-Father's parental rights. However, in reviewing the record, we find that the trial court's undisputed findings of fact are sufficient to support at least one additional ground for termination.

Pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) (2009), the trial court may terminate parental rights if it finds that (1) the parent willfully left the juvenile in foster care for over twelve months and (2) the parent has not made reasonable progress to correct the conditions which

led to the removal of the juvenile. *In Re O.C.*, 171 N.C. App. 457, 464-65, 615 S.E.2d 391, 396, *disc. review denied*, 360 N.C. 64, 623 S.E.2d 587 (2005). Under this ground for termination, "willfulness does not require a showing of fault by the parent." *Oghenekevebe*, 123 N.C. App. at 439, 473 S.E.2d at 398. Indeed, "willfulness is not precluded just because respondent has made some efforts to regain custody of the child." *Id.* at 440, 473 S.E.2d at 398; *see also In Re Tate*, 67 N.C. App. 89, 94, 312 S.E.2d 535, 539 (1984) ("The fact that appellant made some efforts within the two years does not preclude a finding of willfulness or lack of positive response.").

The following findings of fact by the trial court address this ground for termination:

6. That [D.H.H.] has resided with the Petitioners since December 27, 2007.

. . .

10. That the [parents] have had ongoing domestic violence issues.

. . .

12. That the [parents] have failed to stay drug free and maintain suitable housing for D.H.H.

. . .

20. That . . . Respondent-Father was to continue treatment for his crack cocaine addiction and make repairs to the home.

21. That on December 20, 2007, . . . Respondent-Father stabbed the [mother] in the presence of the minor children.

. . .

24. That . . . Respondent-Father was jailed due to the assault on the [mother] in 2007.

. . .

33. That . . . Respondent-Father completed a 28 day program in April of 2008 for Substance Abuse.

. . .

35. That the [parents] did not successfully complete their treatment at Associate Behavioral Services.

. . .

38. That [Respondent-Father] left treatment on several occasions. He was placed in two different facilities, and jumped the fence in early 2008 at Tanglewood Arbor. However, he did complete a 28 day program in Selma in April 2008.

39. That Ms. Gail Locklear of the Robeson County Department of Social Services Child Support unit determined that no support was paid by either parent for the use and benefit of [D.H.H.].

. . .

44. That [Respondent-Father] continues to abuse drugs to include Xanax.

45. That . . . Respondent Father has worked with his father [] remodeling trailers.

46. That the parent[s'] home has the same holes in the walls that [Respondent-Father] punched into them in a fit of rage that was there when the children were removed.

. . .

48. That there is no furniture in any bedroom in the [parents'] home except their bedroom.

49. That the home has exposed electricalwork.

. . .

51. That [Respondent-Father] has had a recent Larceny and Marijuana Possession conviction.

. . .

54. That . . . Respondent-Father attended a visit under the influence.

We determine that these findings of fact are sufficient to support the conclusion that Respondent-Father willfully left D.H.H. in foster care for over twelve months and has not made reasonable progress to correct the conditions which led to removal of D.H.H. from the home.

Respondent-Father argues that the trial court should not have found the existence of this ground for termination because guardians for D.H.H. had been appointed pursuant to N.C. Gen. Stat. § 7B-600. Respondent-Father argues that even if he complied with his DSS case

plan, because of the provisions for termination of guardianship in N.C. Gen. Stat. § 7B-600, he could not have regained custody of D.H.H. Therefore, Respondent-Father argues that the trial court should have looked only at the period prior to the guardianship in determining whether a ground for termination exists under N.C. Gen. Stat. § 7B-1111(a)(2). We disagree with Respondent-Father's argument, and we note that N.C. Gen. Stat. § 7B-1111(a)(2) does not require the juvenile to be in DSS custody in order for the trial court to find existence of this ground. Contrary to Respondent-Father's suggestion, N.C. Gen. Stat. §§ 7B-600 and 7B-1111(a)(2) do not intersect in any way. Indeed, had Respondent-Father made sufficient progress, Petitioners would not have been able to prove that termination of Respondent-Father's parental rights was justified pursuant to N.C. Gen. Stat. § 7B-1111(a)(2). Simply stated, the two sections are independent, and guardianship does not necessarily affect a parent's ability to correct the conditions which led to the juvenile's removal from the parent's home. Accordingly, the trial court did not err in concluding that grounds existed to terminate Respondent-Father's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2).

Affirmed.

Chief Judge MARTIN and Judge BRYANT concur.