IN THE MATTER OF: L.C., I.C., L.C., MINOR CHILDREN

No. COA06-575

(Filed 2 January 2007)

**1. Constitutional Law— effective assistance of counsel—tardiness**

Defendant was not denied effective assistance of counsel in a termination of parental rights proceeding even though his counsel was late on the second of five days of hearing after a lunch recess, because: (1) respondent failed to demonstrate how his attorney's tardiness caused him to be denied a fair hearing; and (2) there was no way of determining what respondent's attorney was precluded from asking based on her failure to make an offer of proof as required by N.C.G.S. § 8C-1, Rule 103.

**2. Evidence— hearsay—mental health records of children**

The trial court did not err in a termination of parental rights case by admitting, over objection, mental health records of two of the minor children, because: (1) even assuming arguendo that the records contain inadmissible hearsay, in a bench trial it is presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby; and (2) respondent has not pointed to any specific instances of hearsay upon which the trial court improperly relied.

**3. Termination of Parental Rights— past abuse—reasonable probability of continued abuse—emotional and behavioral problems**

The trial court did not abuse its discretion by terminating respondent father's parental rights, because: (1) the trial court found that all three children had been abused and exhibited symptoms of that abuse, and respondent admitted that he physi-

IN RE L.C., I.C., L.C.

[181 N.C. App. 278 (2007)]

cally beat and abused the children; (2) the court determined there was a reasonable probability that respondent would again abuse the children if they were returned to his care based on the testimony of respondent's individual therapist; (3) the children's therapist testified the children suffered various emotional and behavioral problems including posttraumatic stress disorder based on the abuse; and (4) although respondent pointed to the trial court's finding that all of the children's therapists think it would be in the children's best interests and assist in their therapy to have family sessions with respondent, the trial court found the family sessions could not occur until respondent had progressed and the children are at a stage where they can safely process the information, and further, the trial court found the children also require permanency to ensure continued progress in their therapy.

Appeal by respondent from order entered 25 January 2006 by Judge James T. Hill in Durham County District Court. Heard in the Court of Appeals 19 October 2006.

*Durham County Attorney S. C. Kitchen, by Deputy County Attorney Thomas W. Jordan, Jr., for petitioner-appellee.*

*Peter Wood for respondent-appellant.*

*Wendy C. Sotolongo for guardian ad litem.*

GEER, Judge.

Respondent father appeals from an order of the district court terminating his parental rights with respect to his minor children, L.C. ("Landon"), I.C. ("Irene"), and L.C. ("Lee").[1] On appeal, respondent primarily argues that he was denied effective assistance of counsel when the afternoon session of the termination of parental rights ("TPR") hearing began as scheduled, even though his attorney had not yet returned, and, when the trial court later did not allow respondent's attorney to ask petitioner's first afternoon witness introductory questions to "bring [respondent's counsel] up to speed." Respondent also contends that the trial court erred by admitting two of the minor children's mental health records, which he argues contain inadmissible hearsay. Finally, respondent asserts that several of the trial court's findings of fact are unsupported by the evidence, that

---

1. The pseudonyms Landon, Irene, and Lee will be used throughout the opinion to protect the children's privacy.

**IN RE L.C., I.C., L.C.**

[181 N.C. App. 278 (2007)]

they cannot support the court's conclusions of law, and that the trial court abused its discretion by terminating his parental rights.

We conclude that respondent has not shown that his attorney's tardiness deprived him of a fair hearing, and, therefore, respondent has failed to establish a claim for ineffective assistance of counsel. Additionally, as respondent has made no effort to rebut the presumption that the trial court disregarded any hearsay contained in the disputed medical records, he is not entitled to reversal on this ground. We also conclude that the trial court's findings are supported by clear, cogent, and convincing evidence, that they adequately support the court's conclusion that respondent abused his children, and that the trial court did not abuse its discretion by terminating his parental rights on this basis. Accordingly, we affirm.

Facts

On 31 July 2001, the Vance County Department of Social Services ("Vance County DSS") filed petitions alleging that Landon, Irene, and Lee were abused, neglected, and dependent juveniles. According to Vance County DSS, the children's mother was deceased, and respondent had inappropriately disciplined the children and left them home alone without proper supervision. Respondent does not contest that, prior to the filing of the petitions, he had hit all three children with belts and switches; had "back-handed" Landon in the eye; had struck Irene in the eye and on her face, shoulders, and back numerous times with belts, brooms, shoes, and drop cords; and had beaten Lee about the face and back.

The trial court issued non-secure custody orders on 31 July 2001, granting custody of the children to Vance County DSS. At the time they were taken from respondent's custody, all three children had marks, bruises, and scars indicative of both old and new abuse.

Because respondent missed numerous court dates, adjudication proceedings did not occur until January 2002. At the time of the adjudication hearing, respondent resided in a half-way house, was scheduled for vocational rehabilitation and anger management classes, and had signed both a protection plan and a family services case plan addressing proper discipline and supervision. On 23 October 2002, the trial court adjudicated the children to be abused, neglected, and dependent and ordered Vance County DSS to retain custody. The case plan at that time was reunification.

IN RE L.C., I.C., L.C.

[181 N.C. App. 278 (2007)]

The matter was transferred to Durham County Department of Social Services ("Durham County DSS") on 25 October 2002. On 5 August 2003, following a review hearing, the trial court entered an order noting that respondent had presented letters showing that he had completed an outpatient substance abuse program as well as parenting classes and had been drug-free since June 2002. On the other hand, it appeared, according to guardian ad litem and Durham County DSS reports, that respondent may not have completed anger management classes, obtained a recommended psychological evaluation, or provided proof of stable housing and income. As a result, the court ordered respondent to obtain a psychological evaluation, continue with substance abuse treatment, maintain housing at the halfway house, attend anger management classes, and adhere to a restraining order requiring he stay 1,000 feet away from the children. The court, however, also decided to change the permanent plan to termination of parental rights and adoption, or, alternatively, guardianship with a relative.

On 31 December 2003, Durham County DSS filed a petition to terminate respondent's parental rights. The trial court entered an order on 2 September 2004 finding that respondent had abused each of the three children and that, as a result, they suffered from post-traumatic stress disorder and other behavioral and emotional conditions. Because respondent was only in the beginning stages of anger management education, the court determined that he was not yet able to give the children appropriate care and supervision. Further, because respondent would still require "significant individual therapy to deal with his personal issue[s]" before he could safely parent his children, the court concluded that there was a reasonable probability that he would continue to abuse the children if they were returned to his care. Based on these findings of fact, the court terminated respondent's parental rights.

Respondent appealed, and this Court reversed, concluding that the wording of the trial court's "conclusion of law merely reiterate[d] 'the grounds upon which the petition for termination [was] filed' and [did] not conclude that any of those grounds actually exist." *In re L.C.*, 174 N.C. App. 839, 622 S.E.2d 522, 2005 N.C. App. LEXIS 2600, at *5, 2005 WL 3291365, at *2 (2005) (second alteration original) (unpublished). We remanded for further proceedings, but left to the trial court's discretion the decision as to whether to conduct an additional hearing on remand. *Id.*

IN RE L.C., I.C., L.C.

[181 N.C. App. 278 (2007)]

The trial court chose not to hold another hearing and, instead, entered a new order specifically finding that the "error in the termination order was a drafting error and the [c]ourt specifically did make the necessary conclusions of law, even if incorrectly drafted." Following discovery of additional clerical errors, the trial court ultimately altered the disputed conclusion of law to begin by stating that "the grounds *upon which termination exist* are as follows . . . ." (Emphasis added.) The order otherwise remained the same, and respondent again timely appealed.

I

[1] We turn first to respondent's argument that he was denied effective assistance of counsel. Parents have a "right to counsel in all proceedings dedicated to the termination of parental rights." *In re Oghenekevebe*, 123 N.C. App. 434, 436, 473 S.E.2d 393, 396 (1996). *See also* N.C. Gen. Stat. § 7B-602(a) (2005) ("In cases where the juvenile petition alleges that a juvenile is abused, neglected, or dependent, the parent has the right to counsel . . . unless that person waives the right."). This right includes the right to effective assistance of counsel. *Oghenekevebe*, 123 N.C. App. at 436, 473 S.E.2d at 396.

Respondent points to the fact that on the second of five days of hearing, the trial court commenced court following the luncheon recess even though his attorney had not yet arrived. At that time, Durham County DSS called its second witness of the day, Lee's case manager, Elizabeth Fortune. At some unknown point during Ms. Fortune's testimony, respondent's attorney arrived. After Ms. Fortune was examined by the attorneys for Durham County DSS and the guardian ad litem, respondent's attorney began her cross-examination as follows:

Q. I have a few questions for you, and some are to bring me up to speed from the beginning of your testimony.

What's your full name?

A. Elizabeth Fortune.

Q. And what is your relation to [Lee]?

A. I'm his case manager and individual therapist.

Q. And what is your background and qualifications as—

THE COURT: You were not here when this went over, so you missed it. So just go on with your cross-examination. You've got

her name and that's all you need. We started on time, you were not here. So skip over that and let's just go to testimony.

The record does not reflect how much of Ms. Fortune's direct testimony respondent's attorney missed on account of her tardiness.

A claim of ineffective assistance of counsel not only requires a respondent to show that counsel's performance was deficient, but also that "the deficiency was so serious as to deprive the represented party of a fair hearing." *Id.* Here, respondent has failed to demonstrate how his attorney's tardiness caused him to be denied a fair hearing.

Respondent has not identified what direct testimony his attorney missed, has not explained how the failure of his counsel to hear that testimony prejudiced him, and has not suggested what other introductory questions his attorney would have asked, if allowed, and how the preclusion of such questions impacted her ability to effectively represent respondent. Because respondent has failed to demonstrate the prejudice he suffered, he has likewise failed to establish his claim of ineffective assistance of counsel. *See In re B.P.*, 169 N.C. App. 728, 733, 612 S.E.2d 328, 332 (2005) (denying ineffective assistance claim when respondent "failed to specify what motions should have been made and what evidence could have been, but was not, presented before the trial court").[2]

Respondent alternatively argues that, even if he was not denied effective assistance of counsel, the trial court nevertheless erred by refusing to allow his attorney to cross-examine "a key witness" on "a relevant topic." Rule 103(a) of the Rules of Evidence provides:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

. . . .

---

2. We note that respondent's reliance on *State v. Colbert*, 311 N.C. 283, 316 S.E.2d 79 (1984), for his argument that he was denied his Sixth Amendment right to counsel during a "critical stage" of the proceeding is misplaced. Although the Sixth Amendment right to counsel does indeed attach during "critical stages" of criminal proceedings, *see, e.g., id.* at 285, 316 S.E.2d at 80, our Supreme Court has specifically held that this right does not apply to actions seeking the termination of parental rights. *State v. Adams*, 345 N.C. 745, 748, 483 S.E.2d 156, 157 (1997) ("The filing of a petition alleging abuse and neglect commences a civil proceeding. By its terms, the Sixth Amendment applies only to criminal cases.").

(2) .... In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Here, when the trial court instructed respondent's attorney to "just go to testimony," she responded "[o]kay" and proceeded with her substantive cross-examination. We have no way of determining what respondent's attorney was precluded from asking because she failed to make an offer of proof. Accordingly, since respondent did not comply with Rule 103, we are not in a position to review this argument on appeal. These assignments of error are, therefore, overruled.

II

[2] Respondent next contends that the trial court erred by admitting, over objection, Lee's and Irene's mental health records, which respondent argues contain inadmissible hearsay. Even assuming, *arguendo*, that the records contain inadmissible hearsay, respondent has failed to demonstrate that the trial court's order must be reversed.

In a bench trial, "it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby." *Stanback v. Stanback*, 31 N.C. App. 174, 180, 229 S.E.2d 693, 696 (1976), *disc. review denied*, 291 N.C. 712, 232 S.E.2d 205 (1977). Under this principle, respondent bears the burden of showing that the trial court relied on the incompetent evidence in making its findings. *In re Huff*, 140 N.C. App. 288, 301, 536 S.E.2d 838, 846 (2000), *appeal dismissed and disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

Respondent has not met his burden. Although the children's mental health records span over 550 pages, respondent has not pointed to any specific instances of hearsay upon which he contends the trial court improperly relied. As respondent has failed to rebut the presumption that the trial court disregarded inadmissible evidence in making its findings, we overrule this assignment of error.

III

[3] Finally, we consider respondent's argument that the trial court erred by terminating his parental rights. During the adjudication stage of a termination of parental rights proceeding, the petitioner has the burden of proving by clear, cogent, and convincing evidence that one

or more of the statutory grounds for termination set forth in N.C. Gen. Stat. § 7B-1111 (2005) exist. On appeal, this Court determines whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law. *Huff*, 140 N.C. App. at 291, 536 S.E.2d at 840.

As we find it dispositive, we review only the trial court's conclusion that grounds existed under N.C. Gen. Stat. § 7B-1111(a)(1), providing for termination of a respondent's parental rights when the parent has "abused or neglected the juvenile." An abused juvenile is one whose parent, among other things, inflicts upon the juvenile serious physical injury by other than accidental means, uses upon the juvenile cruel or grossly inappropriate procedures to modify behavior, or creates serious emotional damage to the juvenile evidenced by the juvenile's severe anxiety, depression, withdrawal, or aggressive behavior. N.C. Gen. Stat. § 7B-101(1) (2005). For the trial court to decide, following a termination of parental rights hearing, that a child is abused, the court "must admit and consider all evidence of relevant circumstances or events which existed or occurred before the adjudication of abuse, as well as any evidence of changed conditions in light of the evidence of prior abuse and the probability of a repetition of that abuse." *In re Greene*, 152 N.C. App. 410, 417, 568 S.E.2d 634, 638 (2002).

Here, the trial court found that all three children had been abused and exhibited symptoms of that abuse. Further, the court determined that there was a reasonable probability that respondent would again abuse the children if they were returned to his care. As to past abuse, the trial court found, and respondent candidly admits, that he physically beat and abused the children. This abuse, the trial court found, caused the children to suffer various emotional and behavioral problems, including post-traumatic stress disorder. Although respondent contests this finding of fact on appeal, it is amply supported by the testimony of each child's therapist.

In addition, the trial court's finding that respondent would likely continue the abuse if the children were returned to his custody was supported by the testimony of respondent's individual therapist, Carolyn Cordasko. She testified that his anger management progress had been "rather slow" and that he was still "fairly high-risk." She expressed her view that the parenting classes respondent had taken to learn about "alternatives to corporal punishment" had not been sufficient to train him about "appropriate parenting." She concluded

that respondent's taking custody of his children at that time would be a significant "challenge." Indeed, Ms. Cordasko specifically noted that respondent had not yet experienced sufficient progress even to meet with his children and apologize for his past abuse. Based on this testimony, we hold that the trial court's finding that respondent was likely to continue to abuse the children was also supported by clear, cogent, and convincing evidence.[3]

Further, these findings of fact—regarding past abuse, the effect of the abuse on the children, and the probability of future abuse—were in turn sufficient to support the trial court's conclusion that grounds existed to terminate respondent's parental rights because he had abused his children. "Having concluded that at least one ground for termination of parental rights existed, we need not address the additional ground[s] . . . found by the trial court." *In re B.S.D.S.*, 163 N.C. App. 540, 546, 594 S.E.2d 89, 93-94 (2004).

As petitioner met its burden of proving that grounds for termination existed, the trial court was required to move to the disposition phase and consider whether termination was in the best interests of the children. N.C. Gen. Stat. § 7B-1110(a). The trial court's decision to terminate parental rights is reviewed under an abuse of discretion standard. *In re Nesbitt*, 147 N.C. App. 349, 352, 555 S.E.2d 659, 662 (2001). Here, the trial court did indeed find termination would be in the children's best interests, and, given respondent's history of severe physical abuse and ongoing battle with anger management even after three years of the children being in DSS custody, we see nothing manifestly unreasonable about this decision. *See In re McMillon*, 143 N.C. App. 402, 412-13, 546 S.E.2d 169, 176-77 (trial court did not abuse discretion by terminating respondent's parental rights when he admitted "disciplining" child by "smacking" and "whipping," and father had not made "meaningful clinical progress" during counseling), *disc. review denied*, 354 N.C. 218, 554 S.E.2d 341 (2001).

Respondent, however, points to the court's finding that "[a]ll of the children's therapists think that it would be in the children's best

---

3. We note that respondent contests the trial court's findings on this issue by challenging the court's decision not to hold another hearing and take additional evidence following this Court's remand in the initial appeal. Our prior opinion, however, left the issue of whether to hold an additional hearing to the trial court's discretion, and respondent makes no argument suggesting that the decision not to do so was manifestly unreasonable. In any event, respondent has pointed to nothing in the record indicating that he requested an opportunity to present additional evidence on remand, and, accordingly, we conclude this issue has not been properly preserved for appellate review. N.C.R. App. P. 10(b)(1).

interests and assist in their therapy to have family sessions with [respondent] that involve some clarification, and apology and emotional reconciliation." Respondent contends that this finding required that the trial court conclude that termination of parental rights was not in the children's best interests.

The trial court, however, also found that such family sessions could not occur until respondent had "progressed to a stage where he can appropriately do those things, and . . . the children are at a stage where they can safely process the information and experience." Further, according to the court, the children also "require permanency to ensure continued progress in their therapy." We cannot find an abuse of discretion when the trial court concluded that the need for permanency required, in these circumstances, termination of parental rights.

Affirmed.

Judges STEELMAN and STEPHENS concur.

Judge STEPHENS concurred prior to 31 December 2006.