IN THE MATTER OF: S.N.W. & A.Z.W.

NO. COA10-119

(Filed 15 June 2010)

**1. Appeal and Error— late notice of appeal—treated as petition for certiorari**

An appeal in a termination of parental rights case was treated as a petition for a writ of *certiorari* due to the importance of the issue even though the notice of appeal was one day late.

**2. Termination of Parental Rights— representation of parent by counsel—remanded for further determination**

A termination of parental rights order was remanded for a determination by the trial court regarding efforts by respondent's counsel to contact and adequately represent respondent at the termination hearing and whether respondent is entitled to appointment of counsel in a new termination hearing.

Appeal by Respondent from order entered 14 September 2009 by Judge Richlyn D. Holt in Haywood County District Court. Heard in the Court of Appeals 25 May 2010.

*Ira L. Dove, for Haywood County Department of Social Services, Petitioner-Appellee.*

*Pamela Newell, for Guardian ad Litem.*

*Joyce L. Terres, for Respondent-Appellant.*

BEASLEY, Judge.

Respondent (father) appeals from the trial court order terminating his parental rights to the minor children S.N.W. (hereinafter Sarah), born in 2003, and A.Z.W. (hereinafter Adam[1]), born in 2005. Respondent contends (1) he received ineffective assistance of coun-

---

1. Pseudonyms are used to protect the identity of the minor children.

**IN RE S.N.W.**

[204 N.C. App. 556 (2010)]

sel since his attorney did not participate in the termination hearing; and (2) the trial court failed to take proper evidence where it mostly relied on documentary evidence and it improperly deemed the allegations of the termination petition to be admitted based on Respondent's failure to file an answer. After careful consideration, we remand for further findings regarding Respondent's counsel's efforts to contact Respondent and counsel's ability to represent Respondent.

The Haywood County Department of Social Services (DSS) has been involved with this family since 2005. In August 2005, DSS began providing in-home protective services due to complaints of domestic violence, substance abuse, inappropriate supervision of the children, and injurious environment. The children were removed from mother and Respondent's home in 2006 due to substance abuse and domestic violence, as well as criminal activity by mother and Respondent. On 23 January 2007 DSS filed juvenile petitions and on 21 February 2007 the children were adjudicated neglected and dependent.

On 3 February 2009 DSS filed petitions to terminate mother and Respondent's parental rights alleging as grounds for termination: (1) neglect, N.C. Gen. Stat. § 7B-1111(a)(1); (2) wilfully leaving the children in foster care for more than twelve months without making reasonable progress to correct the conditions which led to the children's removal from the home, N.C. Gen. Stat. § 7B-1111(a)(2); and (3) willful failure to pay a reasonable portion of the cost of care of the children. An additional ground was alleged with regard to Sarah, that Respondent failed to establish paternity or otherwise to legitimate the child, N.C. Gen. Stat. § 7B-1111(a)(5).

On 25 February 2009, the trial court entered an order assigning Mark Jenkins as counsel for Respondent. The termination hearing was initially scheduled to be held on 21 and 22 April 2009, but on 21 April 2009, the matter was continued to June 2009, specifically because "Parents needs [sic] time to prepare with counsel." The matter was continued twice more, first to July, and then to August.

The matter came on for hearing on 25 August 2009. Respondent was not present at calendar call. The termination matter for the children's mother was continued to a later date. The following exchange took place between the trial court and Respondent's trial counsel:

[DEFENSE COUNSEL]: And—and my—report to the Court on that, Your Honor, is I have had, since my appointment in June, no contact other than one phone message from [respondent father]. I tried to return it and have not had any further—

THE COURT: What is his name, Shannon D. [W.]?

[DEFENSE COUNSEL]: Yes, uh-huh.

THE COURT: Is Shannon [W.] here, Shannon D. [W.]? You've only one contact, and he's not kept up with you?

[DEFENSE COUNSEL]: He's not kept with me, Your Honor. I have not—

THE COURT: What I'm gonna do is—is not—not let you out of the case, but allow you not to participate.

[DEFENSE COUNSEL]: And I understand that, Your Honor.

THE COURT: And we'll note that the father has not been in communication with Mr. Jenkins.

The termination hearing proceeded in the afternoon, without Respondent counsel' participation. The hearing lasted approximately fifteen minutes. DSS presented evidence through the testimony of foster care supervisor Paula Watson. At DSS's request, the trial court took judicial notice of the termination petitions and the underlying adjudication order.

The trial court determined that DSS had proven each of the grounds alleged in the termination petitions, and further determined that termination of Respondent's parental rights is in the best interests of the children. Based on its findings of fact and conclusions of the law, the trial court ordered that Respondent's parental rights be terminated. From the adjudication and dispositions orders entered, Respondent appeals.

[1] As a preliminary matter, we note the notice of appeal contained in the record on appeal was filed on 15 October 2009 from the trial court's orders entered 14 September 2009, one day past the thirty day appeal period. N.C.R. App. P. 3(a). Due to the important issues involved in a termination of parental rights matter, we elect to treat Respondent's appeal as a petition for writ of certiorari, and we grant the writ for the purposes of addressing the claims raised by Respondent. N.C.R. App. P. 21(a) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . .").

[2] Respondent first contends he was denied effective assistance of counsel when the trial court allowed his trial counsel to re-

frain from participating in the termination hearing. We remand for further findings.

"Parents have a 'right to counsel in all proceedings dedicated to the termination of parental rights.' " *In re L.C.*, 181 N.C. App. 278, 282, 638 S.E.2d 638, 641 (2007) (quoting *In re Oghenekevebe*, 123 N.C. App. 434, 436, 473 S.E.2d 393, 396 (1996)); N.C. Gen. Stat. § 7B-1101.1 (2009). "This statutory right includes the right to effective assistance of counsel." *In re Dj.L.*, 184 N.C. App. 76, 84, 646 S.E.2d 134, 140 (2007) (citing *In re L.C.*, 181 N.C. App. at 282, 638 S.E.2d at 641; *In re Ogenekevebe*, 123 N.C. App. at 436, 473 S.E.2d at 396). "To prevail in a claim for ineffective assistance of counsel, respondent must show: (1) [the] counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) [the] attorney's performance was so deficient [he] was denied a fair hearing." *In re J.A.A. & S.A.A.*, 175 N.C. App. 66, 74, 623 S.E.2d 45, 50 (2005) (citing *In re Oghenekevebe*, 123 N.C. App. at 436, 473 S.E.2d at 396).

Under these unique factual circumstances, the trial court should have inquired further about Respondent counsels' efforts: (1) to contact Respondent; (2) to protect Respondent's rights; and (3) to ably represent Respondent. After inquiry, if the trial court determined that counsel was indeed ineffective, the trial court should have appointed new counsel, despite the fact that no motion to withdraw was made. *See State v. Thacker*, 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980) ("[a] trial court is constitutionally required to appoint substitute counsel whenever representation by counsel originally appointed would amount to denial of defendant's right to effective assistance of counsel . . . .").

Upon review of the record and transcripts, we are unable to determine that the attorney assigned in the termination matter made adequate efforts to communicate and/or consult with Respondent. The trial court made no extended inquiry of trial counsel's efforts to communicate with Respondent after counsel stated his attempt to return a phone call from Respondent was unsuccessful. No information is provided regarding how many phone calls trial counsel may have made, whether he sent any written communication to Respondent, or whether he sought help in contacting Respondent through another party, such as DSS or the Department of Corrections. Evidence in the record indicates that Respondent continued visitation with the children until the beginning of March 2009, and that he was incarcerated for a period of time during that month. After he was

released, DSS conducted a home visit with Respondent on 5 April 2009. Therefore, it is clear that DSS at least was able to communicate and meet with Respondent in the period after the termination petition was filed and before the hearing was held.

Respondent further argues that trial counsel's fee application is evidence of a lack of attention paid to the case by counsel. The only fee application included in the record on appeal seeks fees for the period from 24 April 2009 to 26 August 2009. The application reflects that trial counsel spent a total of 1.1 hours on the case, including 0.16 for time spent in court, 0.39 for time spent waiting in court, and 0.55 for time spent out of court. Although there is certainly a possibility that trial counsel spent more time on the case between his appointment on 25 February 2009 and 23 April 2009, there is no information in the record. We note that the termination hearing was postponed on 21 April 2009 specifically to allow Respondent time to prepare with this counsel. Given that four more months elapsed before the termination hearing was held, it is troubling that trial counsel spent only 0.55 hours during that time in advance preparation of the termination hearing. Despite whether that limited amount of time was spent on preparation or on attempts to communicate with Respondent, it does not reflect an adequate amount of time given the lengthy history of this case.

Moreover, we note that Respondent had more than one attorney assigned to him in this case, and that the termination hearing specifically was continued several times. It is not inconceivable that Respondent may have been confused about what was required of him with regard to the termination proceedings or when he needed to appear in court. The lack of information in the record or transcript regarding counsel's attempts to contact his client, along with the lack of representation at the brief fifteen-minute hearing, precludes us from determining whether Respondent received effective assistance of counsel, and if he was denied a fair hearing.

Prudence requires that we take this opportunity to comment on the trial court's failure to ensure Respondent's right to effective assistance of counsel at trial. It is well established that attorneys have a responsibility to advocate on the behalf of their clients. *See State v. Staley*, 292 N.C. 160, 161, 232 S.E.2d 680, 682 (1977); *Thelen v. Thelen*, 53 N.C. App. 684, 692, 281 S.E.2d 737, 741 (1981) ("An attorney owes to his client the duty to employ his best efforts in the prosecution of the litigation entrusted to him.").

As discussed above, the trial court allowed counsel Mark Jenkins to remain involved in the case, while not requiring him to be an active participant. We are concerned that the trial court, in allowing Respondent's counsel to "not participate", alleviated Mr. Jenkins of his fundamental duty to advocate on behalf of Respondent, thereby denying Respondent effective assistance of counsel. We are aware that a trial court may terminate a parent's parental rights, after a hearing, even if the parent failed to answer the petition and is not present at the hearing. *See* N.C. Gen. Stat. § 7B-1107 (2009). Further, we recognize that "a lawyer cannot properly represent a client with whom he has no contact." *Dunkley v. Shoemate*, 350 N.C. 573, 578, 515 S.E.2d 442, 445 (1999). Therefore, a finding of ineffective assistance of counsel will generally not be made where the purported shortcomings of counsel were caused by the party. *See In re Bishop*, 92 N.C. App. 662, 666, 375 S.E.2d 676, 679 (1989) ("Where the lack of preparation for trial is due to a party's own actions, the trial court does not err in denying a motion to continue."). However, procedural safeguards, including the right to counsel, must be followed to ensure the "fundamental fairness" of termination proceedings. *In re K.N.*, 181 N.C. App. 736, 741, 640 S.E.2d 813, 817 (2007) (order of termination vacated where issues of lack of proper notice were raised, the termination hearing lasted twenty minutes, and counsel was allowed to withdraw, leaving the respondent-mother with no representation at the termination hearing).

In conclusion, we determine that the record before us raises questions as to whether Respondent was afforded with the proper procedures to ensure that his rights were protected during the termination of his parental rights to the minor children. We are mindful that the record is replete with evidence which casts doubt on Respondent's ability to parent. Nonetheless, Respondent is entitled to procedures which provide him with fundamental fairness in this type of action. *See K.N.*, 181 N.C. App. at 737, 640 S.E.2d at 814. Accordingly, we remand for determination by the trial court regarding efforts by Respondent's counsel to contact and adequately represent Respondent at the termination of parental rights hearing and whether Respondent is entitled to appointment of counsel in a new termination of parental rights proceeding.

Since we have determined that Respondent may not have received a fair hearing and the matter is remanded for a new hearing, we need not address Respondent's second argument regarding the propriety of the trial court relying on documentary evidence or deem-

ing the allegations of the petition admitted for Respondent's failure to file an answer.

Remanded.

Chief Judge MARTIN and Judge HUNTER, Robert C. concur.