INMAN, Judge.
Respondent appeals from the order terminating her parental rights as to the minor children T.A.P. ("Tammy")[1] and A.C.K, III ("Arthur") (together, "the juveniles").[2] On appeal, respondent contends that she was denied effective assistance of counsel when her trial counsel refused to advocate for her at the termination hearing.
After careful review, we vacate and remand for further proceedings in the trial court to determine whether respondent was denied effective assistance of counsel.
Factual Background
In May 2012, the Caldwell County Department of Social Services ("DSS") obtained nonsecure custody of the juveniles and filed petitions alleging that they were neglected and dependent. The petitions reported that Arthur tested positive for methadone at his birth in January 2012 and that, despite the services offered to respondent thereafter, "the juveniles are at risk due to domestic violence, substance abuse and mental health concerns." According to DSS, both respondent and Arthur's father had admitted to histories of chronic substance abuse, had failed to complete a case plan, and had been "very difficult to locate." Respondent also acknowledged a history of domestic violence with Arthur's father. Finally, DSS noted that all three parents[3] had criminal histories and that Tammy's father had recently been released from prison.
Upon respondent's stipulation to adjudicatory facts consistent with the petitions' allegations, the trial court adjudicated Tammy and Arthur to be dependent juveniles on 6 June 2012. The court ceased reunification efforts as to respondent on 13 March 2013, and established a permanent plan of adoption on 7 May 2013.
DSS filed a motion for termination of respondent's parental rights on 21 November 2013. After a hearing on 15 July 2014, the trial court found grounds to terminate respondent's parental rights based on neglect, failure to make reasonable progress to correct the conditions that led to the juveniles' removal from her home, and dependency. N.C. Gen.Stat. §§ 7B-1111(a)(1), (2), (6) (2013). The court also determined that termination of respondent's parental rights was in the best interests of both juveniles. Respondent filed timely notice of appeal.
Analysis
Respondent claims she was denied effective assistance of counsel at the termination hearing. Although her appointed counsel attended the hearing, he offered no evidence, raised no objections, examined no witnesses, and made no argument on her behalf. Nor did counsel address the issue of respondent's absence from the hearing,[4] either by requesting a continuance or apprising the trial court of any contact he had with his client. Moreover, based on our review of the hearing transcript, the trial court made no inquiry of her counsel's efforts to communicate with her before proceeding with the hearing.
N.C. Gen.Stat. §§ 7B-1101.1 and 7B-1109(b) (2013) provide that "[p]arents have a statutory right to counsel in all proceedings dedicated to the termination of parental rights. This statutory right includes the right to effective assistance of counsel." In re Dj.L.,184 N.C.App. 76, 84, 646 S.E.2d 134, 140 (2007) (internal citations and quotation marks omitted). To prevail in a claim for ineffective assistance of counsel, the respondent-parent must show that: (1) her counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) the attorney's performance was so deficient she was denied a fair hearing. In re S.N.W.,204 N.C.App. 556, 559, 698 S.E.2d 76, 78 (2010).
Respondent's brief to this Court accurately characterizes her counsel's conduct at the termination hearing. Other than responding, "No, Your Honor [,]" when asked whether he wished to adduce evidence, cross-examine witnesses, or present argument, counsel did not speak at the proceeding. We note that DSS's attorney began her proffer by advising the trial court that respondent had been "served by regular mail [with the termination motion] and served with the underlying [p]etition[s] on May 16, 2012[.]" Otherwise, the issue of respondent's absence was not addressed by the trial court[5] or the parties.
The record on appeal reflects that respondent was absent not only from the 15 July 2014 termination hearing but from all hearings subsequent to the 27 February 2013 hearing that resulted in the ceasing of reunification efforts. She did not attend the permanency planning hearing on 23-24 April 2013, or review hearings on 14 August 2013 and 26 February 2014. Counsel moved to continue the 14 August 2013 hearing, without success, after respondent notified his office that "she was having transportation issues." The record contains no additional mention of respondent's communications with counsel, or of counsel's efforts to contact her.
"The lack of information in the record or transcript regarding counsel's attempts to contact his client, along with the lack of representation at the brief [termination] hearing, precludes us from determining whether [r]espondent received effective assistance of counsel, and if [s]he was denied a fair hearing." In re S.N.W.,204 N.C.App. at 560, 698 S.E.2d at 78-79. "Accordingly, we remand for determination by the trial court regarding efforts by [r]espondent's counsel to contact and adequately represent [r]espondent at the termination of parental rights hearing and whether [r]espondent is entitled to appointment of counsel in a new termination of parental rights proceeding." Id.at 561, 698 S.E.2d 76, 698 S.E.2d at 79. To determine whether respondent's counsel properly represented her, the trial court must inquire about counsel's efforts to contact respondent, to protect respondent's rights, and counsel's ability to represent respondent. See id.at 560, 698 S.E.2d at 79. While we recognize that "a lawyer cannot properly represent a client with whom he has no contact[,]" we have emphasized that "procedural safeguards ... must be followed to ensure the fundamental fairness of termination proceedings." Id.at 561, 698 S.E.2d at 79.[6]
However, the trial court's inquiry must go beyond counsel's efforts to represent respondent. On remand, the trial court must also consider whether respondent waived her right to effective counsel by non-participation. As this Court has noted, a parent may waive her right to counsel by non-participation in termination proceedings, see In re R.R.,180 N.C.App. 628, 636, 638 S.E.2d 502, 507 (2006), and that counsel's assistance will not be deemed ineffective insofar as the deficiency is attributable to the party's own actions, see In re Bishop,92 N.C.App. 662, 666-67, 375 S.E.2d 676, 679-80 (1989).
In addition, if the trial court determines that counsel's representation was deficient, the trial court must determine whether respondent was prejudiced as a result, a required showing to succeed in an ineffective assistance of counsel claim. See In re L.C.,181 N.C.App. 278, 283, 638 S.E.2d 638, 641 (2007) ("A claim of ineffective assistance of counsel not only requires a respondent to show that counsel's performance was deficient, but also that the deficiency was so serious as to deprive the represented party of a fair hearing.); In re S.C.R.,198 N.C.App. 525, 531, 679 S.E.2d 905, 909 (2009) ("A parent must also establish he suffered prejudice in order to show that he was denied a fair hearing.").
For purposes of ineffective assistance claims, prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Campbell,359 N.C. 644, 690, 617 S.E.2d 1, 29 (2005). Accordingly, to prevail on her claim, respondent must show that there is a reasonable probability that, but for her counsel's lack of representation, her parental rights would not have been terminated.
Conclusion
Based on the lack of information in the record or transcript regarding respondent's counsel's attempts to contact his client and his ability to adequately represent respondent at the termination hearing, we must remand this matter for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Judges ELMORE and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by respondent-mother from order entered 19 August 2014 by Judge J. Gary Dellinger in Caldwell County District Court. Heard in the Court of Appeals 20 April 2015.

We use these pseudonyms to protect the juveniles' privacy.

Although the order also terminates the parental rights of Arthur's father, he is not a party to this appeal. Tammy's father relinquished his parental rights in September 2012.

Tammy and Arthur have different fathers.

The hearing transcript caption page lists respondent-mother among persons appearing. However, the trial court expressly found that "[s]he does not appear in court on today's date" despite having been "properly served with a notice of hearing[.]"

The termination order includes an unchallenged finding that respondent "was properly served with a notice of hearing to appear in court today regarding the termination of parental rights."

Generally, attorney-client communications are privileged. State v. Taylor, 327 N.C. 147, 152, 393 S.E.2d 801, 805 (1990). In termination of parental rights cases, some attorneys view questions as to the whereabouts of a parent who is absent from a hearing as a violation of that privilege and refuse to answer on those grounds. See In re Hensley, 2003 WL 21211758 (COA02-1371) (filed May 20, 2003) (unpublished). However, when a client alleges that he received ineffective assistance of counsel, the client waives the attorney-client privilege as to any matters relevant to the allegations of ineffective assistance of counsel. State v. Buckner, 351 N.C. 401, 410, 527 S.E.2d 307, 313 (2000).