INMAN, Judge.
Respondent appeals from an order terminating her parental rights to her minor child R.L.D., Jr. ("Ryan").[1] The father is not a party to this appeal. After careful review, we affirm the trial court's order.
Ryan was born in September of 2013. On 1 June 2014, the Northampton County Department of Social Services ("DSS") received a report alleging improper care of Ryan due to a possible burn or blister on his toe and the fact that he was significantly underweight for his age. When the parents took Ryan to the emergency room to have his toe examined, they got in an altercation and the father pushed respondent to the floor while she held Ryan. Subsequent monitoring of the family caused concerns for the care being provided by the parents, as Ryan had lost weight and was not thriving. Following an incident in which the parents left Ryan at home alone in a hot room without air conditioning, DSS filed a juvenile petition on 14 July 2014 alleging neglect and dependency. DSS obtained nonsecure custody the same day.
Following a 22 July 2014 hearing, the trial court entered orders on 24 September 2014 adjudicating Ryan neglected and ordering respondent to have mental health and substance abuse assessments and follow all recommendations, to complete a parenting class, and to have supervised visits with Ryan. After a permanency planning hearing on 21 July 2015, the trial court entered an order on 25 September 2015 changing the permanent plan from reunification to adoption.
On 29 September 2015, DSS filed a motion to terminate parental rights, alleging as grounds to terminate respondent's rights that: (1) respondent neglected the juvenile; and (2) respondent willfully left the juvenile in foster care or placement outside of the home for more than twelve months without showing reasonable progress in correcting the conditions that led to the removal of the juvenile. See N.C. Gen. Stat. § 7B-1111(a)(1)-(2) (2015). The trial court was scheduled to hold a hearing on the motion on 26 January 2016, but the hearing was continued because respondent, who had moved to Washington, D.C., was unable to travel down to North Carolina due to a snowstorm. A scheduled 23 February 2016 hearing was also continued, this time for reasons unrelated to respondent. At a scheduled 16 March 2016 hearing on the motion, respondent's counsel asked for another continuance, as counsel had recently learned that respondent had been arrested on felony charges on 9 February 2016 in D.C. and was being held without bond. The trial court allowed the continuance. Respondent's counsel again asked for a continuance at a scheduled 26 April 2016 hearing on the motion due to respondent's continued incarceration. The trial court denied the motion to continue, and the hearing proceeded on that day. Following the hearing, the trial court entered an order on 18 May 2016 terminating respondent's parental rights to Ryan after adjudicating the existence of both grounds alleged in DSS's motion. Respondent filed written notice of appeal on 13 June 2016.
On appeal, respondent contends that she received ineffective assistance of counsel ("IAC") at the termination hearing. We disagree.
Under N.C. Gen. Stat. §§ 7B-1101.1 and 7B-1109(b) (2015), "[p]arents have a statutory right to counsel in all proceedings dedicated to the termination of parental rights. This statutory right includes the right to effective assistance of counsel." In re Dj.L ., 184 N.C. App. 76, 84, 646 S.E.2d 134, 140 (2007) (citations and quotation marks omitted). "A claim of ineffective assistance of counsel requires the respondent to show that counsel's performance was deficient and the deficiency was so serious as to deprive the represented party of a fair hearing." In re Oghenekevebe , 123 N.C. App. 434, 436, 473 S.E.2d 393, 396 (1996). A parent must demonstrate that she suffered prejudice in order to show that she was denied a fair hearing. In re L.C. , 181 N.C. App. 278, 283, 638 S.E.2d 638, 641, disc. review denied , 361 N.C. 354, 646 S.E.2d 114 (2007).
Respondent contends that her counsel provided deficient representation in many ways: (1) by failing to secure respondent's participation at the termination hearing, either in person, or by telephone, electronic communication, affidavit, or deposition; (2) because "[t]here was no adversarial testing of the petitioner's case, nor any zealous advocacy" for respondent; (3) because "[t]he record does not establish affirmatively any communications at all between [respondent] and counsel, nor does it show a responsibility on [respondent's] part for the lack of communication;" (4) by failing, in presenting her motion to continue, "to give any substantive due process or other important basis for [respondent's] right to be present;" (5) by failing to make objections to evidence; and (6) by presenting a brief, unfocused, and irrelevant closing argument. Most of these contentions should be deemed abandoned due to respondent's failure to discuss them or point to specific facts in the record in support of them. See N.C. R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned."). However, we hold that respondent is not entitled to relief on the basis of these contentions because she has not shown that any of these alleged deficiencies in counsel's performance prejudiced her. See State v. Braswell , 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985) ("[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient.").
In the present case, there was clear, cogent and convincing evidence introduced showing that respondent willfully failed to make reasonable progress to correct the conditions that led to the removal of the child.
In order to find grounds to terminate parental rights under N.C. Gen. Stat. § 7B-1111(a)(2), the trial court must perform a two-part analysis. In re O.C. , 171 N.C. App. 457, 464, 615 S.E.2d 391, 396 (2005).
The trial court must determine by clear, cogent and convincing evidence that a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and, further, that as of the time of the hearing, as demonstrated by clear, cogent and convincing evidence, the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child.
Id. at 464-65, 615 S.E.2d at 396.
"A finding of willfulness does not require a showing of fault by the parent." Oghenekevebe , 123 N.C. App. at 439, 473 S.E.2d at 398. "Willfulness is established when the respondent had the ability to show reasonable progress, but was unwilling to make the effort." In re McMillon , 143 N.C. App. 402, 410, 546 S.E.2d 169, 175 (2001). "A finding of willfulness is not precluded even if the respondent has made some efforts to regain custody of the children." In re Nolen , 117 N.C. App. 693, 699, 453 S.E.2d 220, 224 (1995) (citation omitted). A parent must demonstrate not merely effort but also positive results to be deemed to have made reasonable progress. Id. at 700, 453 S.E.2d at 225.
Respondent failed to have a substance abuse assessment, as ordered by the court, and also refused a requested drug screen. At a 90-day review hearing, respondent admitted to using phencyclidine ("PCP"). Respondent gave birth to another child in June 2015, and both she and the baby tested positive for PCP at that time. Respondent did not regularly visit with Ryan as ordered by the court, attending only fourteen out of a possible sixty-seven visits. Respondent did not see Ryan for a period of almost eight months leading up to the termination hearing. See In re A.C.F. , 176 N.C. App. 520, 528, 626 S.E.2d 729, 735 (2006) ("[T]he nature and extent of the parent's reasonable progress ... is evaluated for the duration leading up to the hearing on the motion or petition to terminate parental rights." (emphasis omitted)). DSS's social worker testified that, by the time DSS filed the motion to terminate parental rights, respondent had made "minimal" progress toward reunification.
Despite this substantial evidence in support of terminating respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(2), respondent's counsel sought to introduce evidence demonstrating that respondent had made reasonable progress. Namely, she questioned DSS's social worker about the fact that respondent had obtained employment, as DSS had requested. She noted the fact that respondent had consistently come to court for scheduled hearings prior to her relocation to Washington, D.C. She solicited testimony regarding respondent's contact with the social worker. She sought clarification that respondent had, in fact, participated in outpatient therapy to address mental health issues. Respondent fails to offer any additional evidence that could have been introduced to alter the trial court's conclusion that she had willfully failed to make reasonable progress.
Furthermore, evidence introduced at the termination hearing supported the trial court's conclusion that it was in Ryan's best interests to terminate respondent's parental rights.
N.C. Gen. Stat. § 7B-1110(a) provides, in relevant part:
(a) After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest. The court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the best interests of the juvenile. In each case, the court shall consider the following criteria and make written findings regarding the following that are relevant:
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
N.C. Gen. Stat. § 7B-1110(a) (2015).
Here, the social worker testified that neither respondent nor the father were in a position to take Ryan back, as both were incarcerated at the time of the hearing. Ryan had been in the same foster placement for approximately 21 months and had "a very good bond with the foster mother." Conversely, the social worker testified that there was no bond between Ryan and his parents, as neither of them had seen Ryan in almost eight months. Ryan was almost three years old at the time of the termination hearing, and it was "very likely" that he would be adopted were the trial court to terminate parental rights.
While respondent's counsel did not introduce evidence to refute the social worker's testimony, respondent fails to offer any additional evidence that could have been introduced to alter the trial court's conclusion that it was in Ryan's best interests to terminate respondent's parental rights. As a result, respondent fails to show prejudice, and her claim of ineffective assistance of counsel is without merit.
Next, respondent contends that the trial court erred in failing to ensure that respondent received effective assistance of counsel. Again, we disagree.
In support of her argument, respondent cites to In re S.N.W. , 204 N.C. App. 556, 698 S.E.2d 76 (2010), in which this Court remanded for further fact-finding in order to determine the extent to which respondent's counsel had had contact with respondent, who was unable to attend the termination hearing due to incarceration, and to determine how prepared counsel was to ably represent him. Id. at 559, 698 S.E.2d at 78-79. This Court held that, without further fact-finding, it could not determine whether the respondent was afforded "procedures which provide him with fundamental fairness in this type of action." Id. at 561, 698 S.E.2d at 79.
The facts of S.N.W. are readily distinguishable from the facts of this case. In S.N.W. , the respondent's counsel was assigned to him only after DSS had filed the petition to terminate parental rights. Id. at 557, 698 S.E.2d at 77. In the six months between his assignment and the termination hearing, the respondent's counsel logged a total of 1.1 hours on the case. Id. at 560, 698 S.E.2d at 78. It did not appear from the record that the respondent and his counsel had communicated prior to the hearing and, aside from an attempt to return the respondent's phone call, there was no indication of the extent to which counsel had attempted contact with the respondent. Id. at 559, 698 S.E.2d at 78. In light of the lack of communication between the respondent and his counsel, the trial court relieved counsel from his obligation to participate at the termination hearing. Id. at 558, 698 S.E.2d at 77. This Court stated that "[u]nder these unique factual circumstances, the trial court should have inquired further about Respondent counsels' efforts: (1) to contact Respondent; (2) to protect Respondent's rights; and (3) to ably represent Respondent." Id. at 559, 698 S.E.2d at 78.
In the present case, respondent's counsel had represented respondent for nearly two years at the time of the termination hearing, and had appeared with respondent in several previous hearings. Respondent and her counsel appeared together in two separate hearings in between the filing of the motion to terminate parental rights and the termination hearing, affording them an opportunity to prepare and communicate regarding respondent's wishes. When respondent's counsel moved to continue the hearing, she did not cite a lack of preparation or an inability to communicate with respondent, but instead moved to continue to afford respondent an opportunity to be present at the hearing. Respondent does not contend that her counsel was insufficiently informed of the facts of the case or the objectives respondent wished to have her pursue, and the record would seem to contradict any such contention. Unlike in S.N.W. , the record in the present case reveals that counsel's representation could not be deemed ineffective based on a lack of preparation or communication with respondent. The trial court did not neglect its duty to ensure respondent was afforded a fundamentally fair proceeding. As a result, the trial court's order terminating respondent's parental rights is affirmed.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and ZACHARY concur.

A pseudonym is used to protect the identity of the juvenile and for ease of reading.